IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEAN-DENIS JEAN-EWOLL,
Inmate No. J34720,
     Plaintiff,

vs.                          Case No.: 3:15cv202/LAC/EMT

LIEUTENANT P. REYES, et al.,
     Defendants.
_____/

## <u>REPORT AND RECOMMENDATION</u>

This cause is before the court on Plaintiff's Motion for Temporary Restraining

Order and Preliminary Injunction (ECF Nos. 30, 31).  Plaintiff initiated this action by

filing a civil rights complaint pursuant to 42 U.S.C. § 1983 against officials at Santa

Rosa Correctional Institution, where he is incarcerated, and against officials at the

central office of the Florida Department of Corrections.  Plaintiff's current operative

pleading is his second amended complaint, which by separate order the court has

reviewed and, due to deficiencies in that complaint, has directed Plaintiff to file a third

amended complaint.

In the instant motion, Plaintiff essentially reiterates the allegations made in his

second  amended complaint.  Plaintiff claims violations of his Eighth Amendment

rights to be free from cruel and unusual punishment, based initially on an incident in

which guards allegedly used excessive force upon him inside his cell, but also based on an alleged lack of medical care for his resultant injuries, which included pain, stiffness and "wrongful healing" in his back and left forearm, wrist, and hand (ECF No. 31 at 2).  Plaintiff also added another excessive force claim alleging that on May 14, 2016, five corrections officers assaulted him, repeatedly punching him in the face and slamming his head on the floor (*id.* at 3).  Plaintiff further added a claim that he has suffered from mental health issues, which include a suicide attempt, to which prison medical staff have been deliberately indifferent.  Plaintiff states that an underlying reason for this lack of medical attention is that prison medical staff are more interested in covering up the abusive behavior from corrections officers, "especially when such conduct results in obvious physical injuries, and of refusing to provide said inmates with medical care outside the prison unless their medical condition is life-threatening" (*id.* at 2).  After the first use-of-force incident, Plaintiff faced disciplinary charges for battery on the officers and was found guilty; Plaintiff claims a violation of his due process rights during this hearing, which resulted in his being placed in disciplinary confinement.  As relief, Plaintiff seeks a transfer away from the institution and that he be seen by an unspecified specialist to execute a different plan of treatment.

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *See* <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994). The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See* <u>Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). The district court, however, must exercise its discretion in light of whether:

1. There is a substantial likelihood that plaintiff will prevail on the merits;

2. There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to plaintiff outweighs the threatened harm an injunction will do to the defendant; and

4. The granting of the preliminary injunction will not disserve the public interest.

*See* <u>CBS Broad., Inc. v. Echostar Communc'n Corp.</u>, 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); <u>Carillon Imp., Ltd.</u>, 112 F.3d at 1126. "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." <u>CBS Broad., Inc.</u>, 265 F.3d at 1200 (citation omitted). Because the purpose of preliminary

injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed, the relief sought in the motion must be closely related to the conduct complained of in the actual complaint.  <u>Devose</u>, 42 F.3d at 471; <u>Penn v. San Juan Hosp.</u>, 528 F.2d 1181, 1185 (10th Cir. 1975).  Also, the persons from whom the injunctive relief is sought must be parties to the underlying action.  *See* <u>In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab.</u>, 72 F.3d 842, 842–43 (11th Cir. 1995).

Plaintiff's allegations do not form an adequate basis for granting injunctive relief.  While his allegations of mistreatment are appreciable, they amount to only broad, conclusory statements.  Additionally, the relief he seeks, apparently to be transferred to a different correctional institution to see a specialist of an unknown discipline, is equally conclusory.  Moreover, as the transfer is sought for medical reasons, it should also be noted that what Plaintiff essentially seeks is another medical opinion and/or course of treatment.  A simple difference in medical opinion as to diagnosis or course of treatment does not establish deliberate indifference to medical needs.  *See* <u>Adams v. Poag</u>, 61 F.3d 1537, 1545 (11th Cir. 1995) (the question of whether a plaintiff should have received different diagnostic tests or treatments is not an appropriate basis for grounding liability on a deliberate-indifference claim); <u>Harris</u>

v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).  The Eighth Amendment does not guarantee a prisoner the treatment of his choice at the facility of his choice.  *See, e.g.,* Meachum v. Fano, 427 .S. 215, 225, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988).  Especially at this stage of the litigation where Plaintiff's claims remain unsupported and conclusory, granting injunctive relief would require the federal courts to interfere in the administration of the Department of Corrections and take over the management or treatment of a single inmate.  Federal courts should normally be reluctant to interfere with matters of internal prison administration since they are ill-equipped to do so.  Procunier v. Martinez, 416 U.S. 396, 404–05, 94 S. Ct. 1800, 1807, 40 L. Ed. 2d 224 (1974), *overruled on other grounds,* Thornburgh v. Abbott, 490 U.S. 401, 109 S. Ct. 1874, 104 L. Ed. 2d 459 (1989); Sandin v. Conner, 515 U.S. 472, 482, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995); Newman v. Alabama, 683 F.2d 1312, 1320 (11th Cir. 1982).  An inmate has no constitutional right to a prison transfer or to be housed in a particular facility. Meachum, 427 U.S. at 225.

Finally, it bears noting that, by separate order, Plaintiff has been directed to file a third amended complaint in order to state a proper claim for relief in this case. While this circumstance alone would not extinguish his request for injunctive relief,

it does tend to show that Plaintiff's motion does not reflect a substantial likelihood of success on the merits.

For the reasons described above, Plaintiff's request for injunctive relief should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF Nos. 30, 31) be **DENIED**.

At Pensacola, Florida, this 22nd day of November 2016.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**